## City of Philadelphia v. Hornor et al.

*Foulkrod, Porter & Wadlinger,* for appellants.

*Abraham Wernick,* assistant city solicitor, for City of Philadelphia.

CARROLL, J., November 24, 1948.—This matter comes before the court upon two petitions for allowance of appeals from judgments of a magistrate. These judgments were entered at the instance of the City of Philadelphia, plaintiff, against defendants, Peter T. Hornor, Caleb W. Hornor and Julia C. Hornor, as trustees of the estate of William MacPherson Hornor and Julia C. Hornor, under deed of trust dated December 31, 1931. In the action defendants were charged with a violation of the ordinance of the City of Philadelphia approved December 13, 1939, as amended, and known as the Philadelphia Income Tax Ordinance. After hearing, the magistrate determined that the ordinance had been violated and pursuant to section 9 of the ordinance imposed a fine of $100 against each defendant.

The violation found on which the judgment was based is of section 6(B) of the ordinance, which provides as follows:

"The Receiver of Taxes or any agent or employee authorized in writing by him is hereby authorized to examine the books, papers and records of any employer, or supposed employer, or of any taxpayer or supposed taxpayer in order to verify the accuracy of any return made, or if no return was made, to ascertain the tax imposed by this ordinance. Every such employer or supposed employer or taxpayer or supposed taxpayer is hereby directed and required to give to the said Receiver of Taxes or his duly authorized agent or employee the means, facilities and opportunity for such examinations and investigations as are hereby authorized. The Receiver of Taxes is hereby authorized to examine any person under oath concerning any income which was or should have been returned for taxation,

and to this end may compel the production of books, papers and records and the attendance of all persons before him, whether as parties or witnesses, whom he believes to have knowledge of such income."

From the magistrate's transcript in both appeals it appears that a field officer of the receiver of taxes made a demand upon all three defendants for their books, records and information as trustees relating to income they had received as such trustees, and that this demand was refused. Defendants themselves, by their attorney, admitted the demand and the refusal on the ground that the ordinance was unconstitutional. At the oral argument before us, however, the attorneys admitted the constitutionality of the ordinance but asserted that the exercise of authority under the ordinance against defendants was unconstitutional.

For a proper disposition of these appeals, it must be noted that the testimony against all three defendants was taken at the same time and that the findings and judgments of the magistrate were based on this testimony. The separate appeals therefore, raised the same question, and notwithstanding that neither the city solicitor nor defendants' attorney have raised the question of the right of the magistrate to enter separate judgments and impose individual fines against trustees acting jointly in a fiduciary capacity, it, nevertheless, seems to be a matter for our determination.

The record does not disclose whether the trustees acted jointly or separately, or whether together they kept one set of books, or individually kept single sets of books, which latter course would be highly improbable. In the absence of testimony on this point, however, we can only arrive at the normal conclusion that the three together conducted their trust in the usual way, keeping but one set of books and in all other respects acting jointly. The charge against these defendants is against them as trustees, and while the

transcript indicates that they failed to produce their books and the finding is based on such charge, there was no demand for their personal books of account, if any they had, pertaining to matters of administration of their personal affairs or any other matters beyond their trusteeship in the Hornor Estate. In the absence of such individual and personal charge against them, it cannot be held that each trustee was severally and individually liable and such a determination by the magistrate is erroneous. It should be added that several and individual judgments against trustees would not in any sense tend to enforce compliance with the ordinance but would amount to a permission to the tax collector to proceed to assess and collect taxes in a manner which would be unduly punitive, burdensome of our citizens, and wholly repugnant to the intention of the taxing power. As there seems to be no reason or justification for a separate proceeding and separate judgments against each individual trustee, we are compelled to observe that the city could well have enforced the provisions of the ordinance against the trustees in this case in a proceeding directed against one of the trustees on behalf of all three, or against all three trustees acting jointly. We, therefore, find that the magistrate was without power to enter a single judgment against the trustees as individuals for their failure to comply with the demand of the taxing authorities to examine their joint trustee account.

Having determined the status of the three defendants to be trustees acting jointly, it appears that the remaining question in the case is whether or not defendants violated the ordinance in refusing to permit the receiver of taxes or his agent to examine the books of the trust to the extent necessary to ascertain whether or not there was any additional earned income which should have been returned for taxation.

According to defendants' view, there is included in this question the proposition whether or not income from certain parcels of real estate held by them are subject to the tax imposed by the ordinance. This proposition—whether these rents were the ordinary fruits that arise from the ownership of real estate or whether they were earned income by reason of labor and services over and above the usual incidents of ownership—is a highly technical one, which was ruled upon by the Supreme Court in Pennsylvania Company, etc., v. the City of Philadelphia et al., 346 Pa. 406 (1943). It is clear that the opinion of Justice Stearne holds that the taxability of income from real estate under this ordinance is a question which would have to be determined under the separate facts of each particular case. The opinion, at page 414, states:

"Income derived merely from the ownership of property would not satisfy the definition. It is therefore important to determine in the case of any property producing income to a trust estate whether the trustee, through agents or servants, is actively managing and supervising the operation of the property."

In considering the ordinance we are in agreement as well as bound by the expressions of our appellate courts construing it and hold that the intent of it is not to add to the ordinary real estate taxes or other taxes on personal property, as sources of income already taxed, but that the income sought to be taxed by the ordinance is only "earned income" which implies that some active management and supervision must be involved in the production of such income. We therefore find that such proposition is not included in the question before us.

From the briefs and argument, we understand defendant's position to be that while the ordinance does not violate any provision of the Constitution and is, therefore, valid, the enforcement section is invalid

because in its operation it violates the Constitution of Pennsylvania in that it deprives a person of property without due process of law. Inasmuch as the question in this case is not one on the right to tax under the ordinance but the right to determine whether or not a tax is due, and in view of the fact that its constitutionality was upheld, although for different reasons (Pennsylvania Company v. The City of Philadelphia et al., supra) we consider that nothing arises from such argument for our disposition.

Furthermore, the position taken by defendants, that the authority to examine books and records is limited to income that is subject to the tax is entirely lacking in merit, for were this so, it would be impossible to enforce the provisions of the ordinance and impose any taxation thereunder. In order that a tax ordinance shall not be used for inquisitional purposes beyond its proper scope, we believe there should be some showing of probability that taxes may be owing before the tax authorities seek to penalize the citizen for failure to file a return or open his private books to public scrutiny. In this case, however, the city solicitor has established that the trust owns over 135 parcels of real estate with an assessed value in excess of $1,000,-000; some of which are commercial properties in the center of the city, and, therefore, the income from some of these, other than those reported, may be of the character which is taxable under this ordinance. These facts appear to the court to be sufficient to show that the income from some of them may be taxable so as to justify the tax authorities to inquire further, either by requiring a more complete return or by examination of the books. Therefore, the ordinance itself having been held to be constitutional, we find that the enforcement provision, section 6 (B) as part of such ordinance, is likewise constitutional, and we find that the effort of the tax collector to secure the information he desires

is the proper procedure under such section, and that his demand to see the books and accounts of these trustees is a proper and legal one which must be complied with by the trustees.

Accordingly, we dismiss the appeals in this case and modify the separate judgments against the trustees as individuals, and here enter judgment for the City of Philadelphia against Peter T. Hornor, Caleb W. Hornor, and Julia C. Hornor as trustees of the estate of William MacPherson Hornor and Julia C. Hornor under deed of trust dated December 31, 1931, and impose as penalty therefor a fine against them of $100 and costs.